IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ACCESS NOW, INC., a not-for-profit
Florida corporation, et al.,

                  Plaintiffs,

vs.                                                    Civ. No.  09-1156 JCH/LAM

LIFEPOINT HOSPITALS, INC.,
a Tennessee corporation, et al.,

                  Defendants.

## ORDER

      This matter is before the Court *sua sponte*.  Plaintiffs are disabled individuals who are members of Plaintiff Access Now, Inc. ("Access Now"), a non-profit organization that advocates on behalf of the disabled.  They bring this case under the Americans With Disabilities Act ("ADA"), requesting injunctive and declaratory relief against affiliated corporate entities that own and operate hospitals around the nation on the grounds that they have failed to make their facilities accessible to the disabled as required by the ADA.  Plaintiffs seek certification of a nationwide class of disabled persons.  Although Defendants deny that they have violated the ADA, they do not oppose class certification as proposed by the Plaintiffs.

      It appears that the named Plaintiffs may lack standing to sue many, if not the majority, of the named Defendants in this lawsuit.  As a result, the Court orders the parties to submit briefing on the issue of the Plaintiffs' standing to sue each of the Defendants named in the Third Amended Complaint.

**BACKGROUND**

This case began more than eleven years ago, on September 25, 2000, when Plaintiff Access Now filed its complaint in the Middle District of Florida against LifePoint Hospitals, Inc., and approximately 25 other hospitals around the country. On January 5, 2001, before the defendants had answered the complaint, Access Now filed a notice of voluntary dismissal without prejudice. Then, just one week later on January 12, 2001, Plaintiff Access Now filed virtually the same complaint against LifePoint Hospitals, Inc., and many other hospital defendants, in the Eastern District of Tennessee. In both cases, as in this case, Access Now alleged that the defendant medical facilities had failed to provide proper access to disabled patrons under the ADA. In addition, most of the hospital defendants in the Florida and Tennessee cases are also defendants in the case pending before this Court.

In August of 2001, Access Now filed a motion for certification of class action, which the court granted in January of 2002. Very little happened on the docket until May of 2004, when one of the defendants (Southern Tennessee Medical Center, also a Defendant here) filed a notice of partial settlement of the case. The court set a fairness hearing and approved the settlement. Over the following three years, many of the other hospital defendants reached full or partial settlement agreements with Access Now. Most of these were approved by the Tennessee district court. However, in 2006 the assigned senior district judge passed away, and a new judge was assigned to the case. The new judge *sua sponte* raised the issue of Access Now's standing to sue on behalf of the Plaintiff class. After receiving briefing on the issue, the court concluded that Access Now lacked standing to sue all the defendants save one, PHC-Las Cruces, Inc., a New Mexico corporation.[1] The

---

[1] The court reasoned that Access Now, an organization, had no standing beyond that of its individual members. Access Now had demonstrated that one of its members, Danielle Black,

court dismissed all the other defendants and vacated all the orders entered in the case as to each of them, including the orders approving their respective settlement agreements. Then, the court asked the parties to show cause why the case should not be transferred to the District of New Mexico. While not opposing transfer, Access Now and PHC-Las Cruces stipulated to dismissal of the case without prejudice on March 17, 2008.

Almost a year later, on February 8, 2009, Plaintiffs Danielle Black and Judith Holbrook, both members of Access Now and New Mexico residents, filed their complaint against PHC-Las Cruces in this case. Access Now was not a named plaintiff, PHC-Las Cruces was the only defendant, and the complaint contained no request for class certification. The plaintiffs have amended their complaint three times. In its current form, the complaint asserts claims by Access Now, Inc. and eight of its individual members against Lifepoint Hospitals, Inc. and 51 additional corporate hospital defendants operating all over the United States. In addition, Plaintiffs assert a putative class action on behalf of all disabled individuals in the United States. However, before the Court can determine whether to certify a class of plaintiffs, it must first determine whether the Plaintiffs have standing to sue each of the defendants they have named in the Third Amended Complaint.

## DISCUSSION

The Court of Appeals for the Tenth Circuit has explained that "[t]he Supreme Court's 'standing jurisprudence contains two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement, . . . and prudential standing which embodies "judicially self-imposed limits on the exercise of federal jurisdiction."' " *Wilderness Soc'y v. Kane Cnty.*, 632

---

had suffered an injury at the hands of Defendant PHC-Las Cruces, but failed to show that any of its members had been harmed by any other defendant. Thus, Access Now had standing to sue PHC-Las Cruces only.

F.3d 1162, 1168 (10th Cir. 2011) (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U .S. 1, 11 (2004) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984))). "To have Article III standing, '[t]he plaintiff must show that the conduct of which he complains has caused him to suffer an 'injury in fact' that a favorable judgment will redress.'" *Id.* (quoting *Newdow*, 542 U.S at 12). "The prudential standing doctrine encompasses various limitations, including 'the general prohibition on a litigant's raising another person's legal rights.'" *Id.* (quoting *Allen*, 468 U.S. at 751). " '[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). " 'Without such limitations—closely related to [Article] III concerns but essentially matters of judicial self-governance—the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights.'" *Id.* at 1168–69 (quoting *Warth*, 422 U.S. at 500).

The record in this case demonstrates that Plaintiffs Danielle Black and Judith Holbrook have standing to sue Defendant PHC-Las Cruces, Inc.  Specific allegations in the original Complaint, *see* Doc. No. 1 at ¶¶ 5-9, though omitted from later amendments to the complaint, state that Black and Holbrook have suffered injuries from the alleged failure of PHC-Las Cruces, Inc. to comply with the ADA.  However, nothing in the record before this Court indicates that any of the Plaintiffs have standing to sue any of the other 51 defendants named in the Third Amended Complaint.

Accordingly, Plaintiffs must file a brief addressing the issue of standing no later than December 7, 2011. Defendants must file their response no later than December 23, 2011. Plaintiffs' reply, if any, must be filed no later than January 6, 2012.

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**